UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| XIAOLEI LI, et al.,<br><br>　　　Plaintiffs,<br><br>v.<br><br>DAVID S. LIN,<br><br>　　　Defendant. | Case No.: 2:21-cv-01524-JAD-NJK<br><br>**Order**<br><br>[Docket No. 27, 30] |

Pending before the Court is Plaintiffs' motion to compel Defendant to seek competent counsel. Docket No. 27. Plaintiffs seek an order from the Court requiring Defendant, who is proceeding *pro se*, to associate with competent counsel. *Id.* at 5-6. The Court has considered Plaintiffs' motion and Defendant's response[1]. Docket Nos. 27, 29. No reply is necessary. This matter is properly resolved without a hearing. Local Rule 78-1.

Parties have the right to conduct their cases *pro se*. 28 U.S.C. § 1654. *See also Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 522 (2007)) ("[T]here is no question that a party may represent his or her own interests in federal court without the aid of counsel."); *Simmon v. Hartford Life and Accident Ins. Co.*, 543 F.3d 661, 664 (9th Cir. 2008). This right is fundamental and can only be constricted in limited circumstances. *See e.g., Stoner v. Santa Clara Cnty. Off. Of Educ.*, 502 F.3d 1116, 1125-26 (9th Cir. 2007) (while an attorney has the right to proceed *pro se* in actions related to his own legal interests, there is no *pro se* right to prosecute actions on behalf of others);

---

[1] Defendant captions his response as both an objection to Plaintiffs' motion and a request to strike the underlying motion. Docket Nos. 29, 30. To the extent Defendant seeks to strike the motion, the Court **DENIES** his request, Docket No. 30, and considers the underlying motion to compel on its merits.

1

*Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989) (Court can appoint counsel for a *pro se* party when party is incompetent to protect self throughout the litigation).

Defendant, who is a licensed attorney in another state, is proceeding *pro se* in this matter. *See Stoner,* 502 F.3d at 1125-26 (right to proceed *pro se* set forth in 28 U.S.C. § 1654 extends to attorneys representing themselves in their own personal cases). Plaintiffs ask the Court to require Defendant to hire counsel, rather than proceed *pro se*, because they disagree with some of the factual submissions and legal authorities Defendant relied on in a recent filing. Docket No. 27. This factual disagreement does not constitute an adequate ground to infringe on a party's right to proceed *pro se*. Accordingly, the Court **DENIES** Plaintiffs' motion to compel Defendant to seek competent counsel. Docket No. 27.

IT IS SO ORDERED.

Dated: November 9, 2021

_____
Nancy J. Koppe
United States Magistrate Judge