# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Xiaolei Li, et al.,

      Plaintiffs

v.

David S. Lin,

      Defendant

Case No.: 2:21-cv-01524-JAD-NJK

**Order Denying Motions**[1]

[ECF Nos. 26, 30, 39, 40, 42]

      Pro se plaintiff Xiaolei Li and her husband Yuezhou Han bring this action against David S. Lin for recording an abstract of judgment in the Clark County Recorder's Office on behalf of his clients.[2]  Lin moves to dismiss this suit,[3] and plaintiffs oppose that motion and move to strike Lin's reply in support of it as meritless.[4]  Lin responds with his own motion to strike Li's motion to strike, arguing that it is essentially an unauthorized surreply.[5]  Having carefully reviewed Li's motion to strike, the court denies it.  Indeed, the motion mainly refutes the issues raised in Lin's reply brief, so it is properly considered an unauthorized surreply.  The court thus will not consider those further points when deciding Lin's motion to dismiss, and the court also denies as moot Lin's countermotion to strike.[6]  The court notes, however, that parties may not raise new arguments in reply briefs, and to the extent that Lin has done so, those arguments will be disregarded.

---

[1] I find these motions suitable for disposition without oral argument as permitted by L.R. 78-1.
[2] ECF No. 8.
[3] ECF No. 22 (motion to dismiss).
[4] ECF No. 26 (motion to strike reply brief).
[5] ECF No. 29, 30 (Lin's response and request to strike).
[6] *Id.*

Adding to the briefing pile, Li moves to supplement plaintiffs' response to the motion to dismiss with a declaration that refutes the one Lin submitted with the original motion.[7]  Because Li has not shown that she was unable to submit that declaration with her original response and now needs leave to provide a late submission outside the briefing schedule, I don't find good cause to grant the request, so I deny her motion to supplement.

Plaintiffs also move for leave to add the Clark County Recorder's Office as a co-defendant.[8]  The motion consists of a single sentence with no points or authorities.  This court's Local Rule 7-2 states that all motions "must be supported by a memorandum of points and authorities," and Local Rule 15-1(a) requires a party seeking to amend a complaint to add a defendant to "attach [a] proposed amended pleading" to the motion asking for leave.  The purpose of these rules is to allow the court to consider whether amendment is appropriate.  Because plaintiffs have failed to comply with these requirements, the motion is denied.

Finally, plaintiffs move the court to compel Lin to answer the complaint or, alternatively, "Plaintiffs move the Court for default judgment."[9]  This relief is not warranted.  Lin filed a motion to dismiss in lieu of an answer, so no answer is currently due.  And because Lin is actively defending this case, he has not failed to appear such that the clerk can enter his default, which is the foundational step required before default judgment may be sought.  The motion to compel answer or for default judgment is therefore denied.

---

[7] ECF No. 39.

[8] ECF No. 40.

[9] ECF No. 42.

IT IS THEREFORE ORDERED that:

- Plaintiffs' Motion to Strike Reply **[ECF No. 26]** and Defendant's Countermotion to Strike **[ECF No. 30]**;

- Plaintiffs' Motion for Leave to Submit Declaration **[ECF No. 39]**;

- Plaintiffs' Motion for Leave to add Codefendant **[ECF No. 40]**; and

- Plaintiffs' Motion to Compel or for Default Judgment **[ECF No. 42]**

**ARE DENIED.**   The Court will resolve Lin's pending motion to dismiss [ECF No. 22] in due course.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: December 20, 2021